# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

AZIZ SAFOUANE, et al.,

    Plaintiffs,

v.

STEPHEN HASSETT, et al.,

    Defendants.

CASE NO. C00-0621-JCC

ORDER

This matter comes before the Court on Defendants Molly Daggett and Lutheran Social Services' ("LSS") Motion to Compel Plaintiffs to Provide Adequate Answers to Interrogatories (Dkt. No. 267), Plaintiffs' Response in opposition (Dkt. No. 274), Defendants' Reply[1] (Dkt. No. 275), Plaintiffs'

---

[1] Defendants labeled this document "Response to Plaintiffs' Request for Defendants Daggett et al to Show Cause, Per FRCP 37(a)(5)(B)." In it, they refute Plaintiffs' arguments that (1) Defendants' Motion to Compel was premature, (2) Plaintiffs' failure to answer Defendants' Interrogatories was substantially justified, and (3) Plaintiffs did not actually refuse to answer Defendants' Interrogatories. In their Surreply, Plaintiffs argue that Defendants' brief is a Reply to the Motion to Compel briefing and was untimely filed one judicial day (four calendar days) late. (Surreply 1 (Dkt. No. 279).) On that basis, Plaintiffs seek to strike the Reply. In a response to the Surreply, Defendants disagree that the response they filed at Docket No. 275 was, in fact, a Reply brief. (Dkt. No. 287.) They argue that it was actually a response to Plaintiffs' request, contained in their Response, that Defendants be ordered to "show cause" that they did not file their motion to compel prematurely. The Court finds Defendants' explanation mystifying. Why Defendants failed to submit a timely Reply, and why Defendants assert that they could properly reply to material in Plaintiffs' Response via some other document other than a proper Reply brief is unclear to the Court. The Court reminds the parties of their obligations to comply with the Local Rules of this Court. Neither Defendants' Reply/Response (Dkt. No. 275) nor their Response to the

ORDER – 1

Surreply (Dkt. No. 279), and Defendants' Response to the Surreply (Dkt. No. 287). The Court has carefully considered these documents and their supporting declarations and exhibits and has determined that oral argument is not necessary. The Court finds and rules as follows.

**I.  BACKGROUND**

The Court has summarized the background facts of this dispute in numerous of its previous Orders but will repeat some of those facts here for the reader's convenience. *Pro se* Plaintiffs Aziz and Sarah Safouane initiated this action on April 10, 2000, bringing claims under 42 U.S.C. §§ 1983 and 1985(3) and supplemental state law claims against over 100 defendants in connection with a series of dependency proceedings following the death of one of their children in their home. (Compl. (Dkt. No. 2).) Plaintiffs alleged, *inter alia*, abuse of their surviving children in foster care. (*Id*.) The district court dismissed each of Plaintiffs' claims on a variety of grounds. Ultimately, the United States Court of Appeals for the Ninth Circuit affirmed most of those dismissals but vacated the dismissal of the § 1983 claims against the foster parents for failure to state a cause of action upon which relief can be granted. *Safouane v. Fleck*, 226 Fed. App'x 753, 767 (9th Cir. 2007). The district court had found that the foster parents were not state employees and "failed to consider whether the Safouanes had alleged sufficient facts in their pro se pleading to demonstrate that the foster parents were acting under color of state law[.]" *Id*. The Ninth Circuit explained that:

> Upon remand, the district court should permit the Safouanes to attempt to amend their complaint to allege facts, if such exist, that would demonstrate that the foster parents were state actors under federal law, or private parties who willfully participated with state actors.

*Id*. In addition, the Ninth Circuit vacated the dismissals of LSS, which supervises foster homes in Washington state, and its employee social worker Molly Daggett, as well as the assistant attorneys general, the guardian ad litem ("GAL") case workers, the appointed counsel, and the social worker

---

Surreply (Dkt. No. 287) were proper under the Local Rules. Nevertheless, the Court has considered all the materials submitted regarding this motion in an effort to achieve the just result.

ORDER – 2

defendants, who allegedly knew about the abuse of the children in foster care but did nothing to stop it. *Id.* at 768. As to these defendants, the Ninth Circuit vacated their dismissals "with respect to claims involving the children's abuse while in foster care" and explained that "[o]n remand, the district court should reconsider these claims in light of its resolution of the allegations that the foster parents deprived the Safouanes of their constitutional rights."[2] *Id.*

After remand, on February 26, 2008, Plaintiffs filed a Third Amended Complaint, containing, in relevant part, some express allegations against LSS and Daggett, including that they were aware of and failed to prevent the abuse of the children by the foster parents; that they failed to investigate the foster homes for ethnicity, health and safety requirements; and that they failed to find foster homes suitable to the children's Moslem religious beliefs. (Third Am. Compl. ¶¶ 75, 78, 82, 83 (Dkt. No. 216).) On October 10, 2008, LSS and Daggett served their First Interrogatories on Plaintiffs, requesting the factual bases for these allegations, the names of witnesses pertinent to the allegations, and a description of documents that evidence the claims. (Mot. 2–4 (Dkt. No. 267).) On December 9, 2008, Defendants received Plaintiffs' responses, which "consisted of answers to the Interrogatories as to witnesses and objections to the remaining Interrogatories and a proposed Protective Order that did not appear to support the asserted objections." (*Id.* at 2.)

Defendants attempted to confer telephonically with Plaintiffs before bringing the instant motion. Plaintiffs' telephone number is unlisted and not on the Court's docket; therefore, Defendants were not able to locate a number for them. (Welchman Letter Dec. 15, 2008 (Dkt. No. 269-2 at 5).) However,

---

[2]The Ninth Circuit also vacated the district court's order dismissing the claim of malicious prosecution of Mrs. Safouane for the crime of Obstructing a Law Enforcement Officer under WASH. REV. CODE § 9A.76.020. *Id.* at 765. Specifically, "the district court erred in concluding that the King County police officers had demonstrated that they had probable cause to obtain the prosecution of Sarah Safouane under Washington law" because the court failed to apply the standard established by *Peasley v. Puget Sound Tug & Barge Co.*, 125 P.2d 681, 688 (Wash. 1942), in determining whether Plaintiffs' prima facie case was properly rebutted by Defendants. *Id.*

ORDER – 3

Defendants corresponded with Plaintiffs by email and mail and explained why they believed the Interrogatory responses were inadequate and why they believed Plaintiffs' proposed Protective Order was not proper. (*Id*.) On December 19, 2008, Plaintiffs responded, in part, that they were:

> simply reserving full responses until protective measures are put in place to prevent prohibited and unauthorized disclosure of confidential and privileged information and documents. As stated in a caveat to each of our objections to your clients' discovery requests, and as stated in our December 3, 2008 letter to you, our answers and responses will be supplemented following entry of a proper protective order.

(Safouanes Letter Dec. 19, 2008 (Dkt. No. 269-4 at 4).) As reflected in Plaintiffs' Motion for Protective Order (Dkt. No. 264) and the briefing thereto, Plaintiffs attempted to enter a stipulated Protective Order with Defendants, but none of the Defendants agreed to sign it.

In the instant motion, Defendants ask that the Court order Plaintiffs to provide adequate answers to the Interrogatories, notwithstanding any of Plaintiffs' concerns about confidentiality; Defendants assert that where Plaintiffs believe that they are entitled to withhold certain documents because of privilege, they can, and are required to, produce a privilege log. (Mot. 6 (Dkt. No. 267).)

In Response, Plaintiffs argue that the motion was filed prematurely, before Defendants attempted in good faith to obtain the discovery from Plaintiffs without court action. (Resp. 2 (Dkt. No. 274).) In particular, they argue that the Motion to Compel was premature because it was filed before the Court issued a ruling on the motion for a Protective Order. (*Id*. at 3.) They also reiterate that they do not object to answering the Interrogatories; rather, they only request that a protective order be imposed to govern the use of confidential materials exchanged in discovery. (*Id*. at 5.)

## II. APPLICABLE STANDARD

"Litigants 'may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.'" *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (quoting FED. R. CIV. P. 26(b)(1)). "Relevant information for purposes of discovery is information 'reasonably calculated to lead to the discovery of admissible evidence.'" *Id*. "District courts have broad discretion in determining relevancy for discovery purposes." *Id*. (citing *Hallet v. Morgan*, 296 F.3d 732,

ORDER – 4

751 (9th Cir. 2002)).

If a requested disclosure is not made, the requesting party may move for an order compelling such disclosure. FED. R. CIV. P. 37(a)(1). "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc.*, 175 F.R.D. 646, 650 (C.D. Cal. 1997). The Federal Rules strongly encourage parties to resolve discovery disputes privately and discourage them from seeking needless court intervention. To this end, before a party may bring a motion for an order compelling discovery, that party must in good faith confer or attempt to confer in an effort to obtain the discovery without court action. FED. R. CIV. P. 37(a)(1). Such good faith effort to confer "<u>requires a face-to-face meeting or a telephone conference</u>." Local Rules W.D. Wash. CR 37(a)(1)(A) (emphasis added). "If the court finds that counsel for any party, or a party proceeding pro se, willfully refuses to confer, fails to confer in good faith, or fails to respond on a timely basis to a request to confer, the court may" sanction that party. *Id*.

If a Rule 37 motion to compel is denied, the Court must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both, to pay the opposing party its reasonable expenses incurred in opposing the motion, including attorney's fees unless the motion was substantially justified or other circumstances make an award of expenses unjust. FED. R. CIV. P. 37(a)(5)(B).

**III. ANALYSIS**

The Court agrees with Plaintiffs that the instant motion to compel appears to have been filed somewhat prematurely. While it is clear to the Court that Defendants attempted to comply with their obligation to meet and confer as required by the Local Rules—and that it was Plaintiffs who refused to meet in person or telephonically—Plaintiffs indicated in their correspondence that they would supplement their answers once a protective order was in place to protect confidential information, such as sealed juvenile court records. (Safouanes Letter Dec. 19, 2008 (Dkt. No. 269-4).) Defendants refused to stipulate to a Protective Order. Had Defendants instead cooperated with Plaintiffs to come to an

ORDER – 5

understanding about how confidential documents would be handled during discovery, they may well have avoided the need to file their Motion to Compel. In addition, it appears that Defendants had not yet reached an impasse with respect to at least some of Plaintiffs' other objections to the Interrogatories, as evidenced by Defendants' willingness in its Motion to Compel to change the scope of Interrogatory Nos. 2(a), 3(a), 4(a), 5(a), and 6(a) from seeking "all facts" that support Plaintiffs' claims to only "the principal or material facts" supporting them. (Mot. 8 (Dkt. No. 267).) The Court is unwilling to issue an order compelling discovery under these circumstances.

Instead, the Court DIRECTS the parties to attempt in good faith to come to an agreement about the handling of confidential documents during discovery. In addition, the Court DIRECTS the parties to attempt in good faith, in an in-person or telephonic conference, to resolve this discovery dispute. Plaintiffs must make themselves available for this conference in order to avoid sanctions, notwithstanding their desire to keep their phone number private. Once the parties have conferred in good faith in compliance with the Local Rules, if any issues in this motion remain, Defendants may re-file a Motion to Compel such discovery.

The Court finds that both Plaintiffs and Defendants are partially to blame for the lack of communication that led to this motion, and therefore, the Court does not find it appropriate to order any fee-shifting at present.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES without prejudice Defendants Molly Daggett and Lutheran Social Services' Motion to Compel Plaintiffs to Provide Adequate Answers to Interrogatories (Dkt. No. 267).

DATED this 1st day of April, 2009.

/s/ John C. Coughenour
John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER – 6