The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AZIZ SAFOUANE, et al.,

    Plaintiffs,

  v.

DEBORAH FLECK, et al.,

    Defendants.

Case No. C00-0621-JCC

**ORDER**

This matter comes before the Court on the motion for summary judgment of Defendants Sam Shirley, Kenneth Perreira, Christine Kelly and Dave Bernard ("Defendants") (Dkt. No. 371), Plaintiffs' response (Dkt. No. 376), and Defendants' reply. (Dkt. No. 378.) The Court also considers Plaintiffs' motion to seal/redact (Dkt. No. 374), Defendants' response (Dkt. No. 375), and Plaintiffs' reply. (Dkt. No. 377.) Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for summary judgment for the reasons explained herein.

**I.    BACKGROUND**

This case has been in litigation for a full decade and the underlying facts need not be discussed here. The only claim remaining in this case is a state-law cause of action for

ORDER
Page - 1

malicious prosecution against the Defendants, four deputy sheriffs. (Mot. 1 (Dkt. No. 371).) On July 24, 1997, the Defendants served a writ of habeas corpus on the Safouane residence for the purpose of taking the minor child AS into custody. (Def.'s Prior Mot. 3 (Dkt. No. 141).) Det. Barnard and Christine Kelly contacted Sarah Safouane and served the writ papers on her. (*Id.*) Ms. Safouane refused to give the baby to them. Det. Barnard and Deputy Kelly warned Ms. Safouane that if she did not release the baby, she would be arrested for obstructing. (*Id.* at 4–5.) Ms. Safouane continued to refuse to let go of the baby, and was placed under arrest. (*Id.*) Ms. Kelly is the only Defendant who issued the obstruction citation. (Mot. 5 (Dkt. No. 371).)

The claim is before this Court on remand from the Court of Appeals for the Ninth Circuit. The Court of Appeals upheld the district court's dismissal of Plaintiffs' malicious prosecution claim under 42 U.S.C. § 1983 but remanded the state-law malicious-prosecution claim. The Ninth Circuit found that although Defendants had probable cause to *arrest* Ms. Safouane for obstruction, the existence of probable cause to *prosecute* Ms. Safouane for that crime was in doubt. (Ninth Circuit Memo. 17 (Dkt. No 211-2).) In its unpublished memorandum, the Court of Appeals stated:

> "Under Washington case law, '[a] prima facie case of want of probable cause is established by proof that the criminal proceedings were dismissed or terminated in favor of the party bringing the malicious prosecution action." *Peasley v. Puget Sound Tug & Barge Co.*, 125 P.2d 681, 688 (Wash. 1942). However, a defendant may rebut such a prima facie case, and prove probable cause as a matter of law, by offering unrefuted evidence that before instituting criminal proceedings, he or she made to the prosecutor a full and fair disclosure, in good faith, of all material facts known to him or her, and that the prosecutor thereupon filed a charge. *Id.*
> The criminal trial against Sarah Safouane on the obstruction charge began in March 1998 and resulted in a hung jury. The charge against Sarah Safouane was subsequently dismissed. In this matter, the district court failed to consider or apply *Peasley*. Thus, the district court erred in concluding that the King County police officers had demonstrated that they had probable cause to obtain the prosecution of Sarah Safouane under Washington law."

ORDER
Page - 2

(Ninth Circuit Memo. 23 (Dkt. No 211-2).) Accordingly, the Court will reconsider whether Defendants had probable cause to obtain Ms. Safouane's prosecution in light of *Peasley*.

## II. APPLICABLE LAW

Summary judgment is appropriate if, after viewing the evidence in the light most favorable to the nonmoving party, the Court determines there are no genuine issues of material fact. FED. R. CIV. P. 56(c)(2). There is no genuine issue of fact for a trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The Court must inquire into "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). The moving party bears the initial burden of showing that there is no evidence which supports an element essential to the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has met this burden, the nonmoving party then must show that there is in fact a genuine issue for trial. *Anderson*, 477 U.S. at 250. If the nonmoving party fails to establish the existence of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323–24.

## III. ANALYSIS

### A. Summary Judgment

The question before the Court is a discrete and limited one: Did Defendants make a full and fair disclosure to the prosecutor, in good faith, of all material facts known to them? If Defendants can carry their burden as movants and establish that no evidence of a failure to disclose exists, the burden shifts to the Plaintiffs. If Plaintiffs cannot provide evidence to show that Defendants failed to properly disclose, this case must be dismissed. *Peasley*, 125 P.2d at 688. If, however, "any issue of fact exists, under all the evidence, as to whether or not the

1  prosecuting witness did fully and truthfully communicate to the prosecuting attorney, or to his

2  own legal counsel, all the facts and circumstances within his knowledge, then such an issue of

3  fact must be submitted to the jury. . . ." *Id.* at 689.

4        To establish that the proper disclosure was made, Defendants present a declaration from

5  Christine Kelly ("the Declaration"). She states:

6      "Because Ms. Safouane was charged by citation, the case is not filed with the
    court until it is independently reviewed by a prosecutor. The prosecutor reviews
7      the citation and makes the determination as to whether or not to actually file the
    case with the court and whether or not the case should proceed to trial. The facts
8      contained in the citation represent a full and honest disclosure by me of all
    material facts known by me."
9

10 (Kelly Decl. 2 (Dkt. No. 371-1).) Defendants argue that this declaration meets the *Peasley*

11 requirements, and that the state-law malicious-prosecution claim must be dismissed. (Mot. 5–6

12 (Dkt. No. 371).)

13       Plaintiffs respond that the Declaration is inadequate. First, Plaintiffs argue that the

14 Declaration was found to contain unsupported hearsay. (Resp. 2 (Dkt. No. 376).) This is

15 inaccurate. It is true that the Honorable Monica Benton, United States Magistrate Judge, issued

16 an order to show cause in which the Declaration was described as deficient. (Dkt. No. 150.)

17 Magistrate Judge Benton directed Defendants to file supplemental affidavits to correct the

18 deficiencies, and Defendants did so. (Dkt. No. 152.) Plaintiffs have identified no subsequent

19 deficiency in the Declaration.

20       Second, Plaintiffs argue that Defendants improperly "take their own self-serving

21 statements in the light most favorable to themselves." (Resp. 22 (Dkt. No. 376).) It is true that

22 this Court must take the facts in the light most favorable to Plaintiffs. *See* FED. R. CIV. P.

23 56(c)(2). However, Plaintiffs have failed to identify a light in which the facts of the Declaration

24 are favorable to them. Plaintiffs' own account of the situation does not differ from Ms. Kelly's

25 in any meaningful way. Ms. Safouane states that instead of handing her child to Defendants,

26 she "simply held her baby" and "suggested that she accompany Defendant Kelly, a female

police officer, in her police car to the courthouse for the hearing." (Resp. to Prior Mot. 17 (Dkt.

ORDER
Page - 4

1  No. 166).) Ms. Kelly's declaration states: "A-Sarah refused to turn the baby over to us. A-Sarah kept stating that she would go with the baby to the RJC for the hearing. Det. Barnard and I tried to explain that she could not do that. A-Sarah still refused to give the baby to us." (Kelly Decl. 5 (Dkt. No. 371-1).) There is no contradiction here, and no genuine issue of material fact as to the truth of Defendants' disclosures.

The Plaintiffs' task is not to question the circumstances of the arrest, but to question the circumstances of the disclosure to the prosecutor.[1] Plaintiffs correctly note that if a witness lies, selectively omits information, warps the truth in bad faith, a genuine issue of fact exists as to the existence of probable cause. (Resp. 17 (Dkt. No. 376)) (citing *Turngren v. King County*, 705 P.2d 258, 267 (Wash. 1985)). But Plaintiffs fail to identify any lies, omissions, or misleading statements. Rather, Plaintiffs argue that Defendants had failed to establish the requisite mental state to make an arrest. (*Id.*) This argument is untenable. As mentioned above, the existence of probable cause for the arrest is not in question.[2] Plaintiffs needed to show evidence that the disclosure to the prosecutors contained *factual misstatements or omissions*. Plaintiffs do not offer any such evidence. The Court finds no genuine issue of material fact in dispute concerning whether the Defendants made a full and truthful disclosure to the prosecutor.

### B. Motion to Seal/Redact

Plaintiffs request that a number of documents containing personal, confidential information be redacted or sealed. (Mot. 1 (Dkt. No. 374).) Defendants respond that the recently filed documents are duplicates of documents that were filed in 2002, and have been

---

[1] Plaintiffs argue that the decision of the prosecutor to file the obstruction charge does not relieve Defendants of liability because Defendants made the arrest and the prosecutor did not issue an arrest warrant. This is not an accurate statement of criminal procedure, or of *Peasley*.

[2] For this same reason, Plaintiffs' arguments that Ms. Safouane had a right to refuse to surrender her baby are unavailing. Plaintiffs argue that the refusal was "constitutionally protected behavior because parents have a fundamental liberty interest in the care and custody of their children." (Resp. 172 (Dkt. No. 376).) Plaintiffs acknowledge their refusal to surrender the baby, but argue that "Sarah Safouane's request was legally valid." (Resp. 172 (Dkt. No. 376).) Whether or not the request was a valid one has no bearing on the factual disclosures made by the Defendants in their report.

ORDER
Page - 5

publicly available for several years. (Resp. 1 (Dkt. No. 375).) It is true that these documents have been publicly available since 2002, but it is also undeniably true that they contain confidential information in violation of Local Civil Rule 5.2(a). Accordingly, Docket Numbers 141, 142, 152 & 371 are HEREBY SEALED.

### IV.   CONCLUSION

Defendants' motion for summary judgment is GRANTED. (Dkt. No. 371.) Plaintiffs' motion to seal is GRANTED. (Dkt. No. 374.) Docket Numbers 141, 142, 152 & 371 are HEREBY SEALED. Defendants are ORDERED to file redacted versions of these documents within ten days of this order. The Clerk is DIRECTED to close the case.

DATED this 2nd day of April, 2010.

　　　　　　　　　　　　　　　　　　／s／ John C. Coughenour
　　　　　　　　　　　　　　　　　　John C. Coughenour
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE